Parker C. J.
delivered the opinion of the Court. The verbal promise to pay eight per cent when the note was made, *530 by which there was a promise to pay the money lent and lawful interest only, ought not to vitiate the note, for it was wholly without consideration and cannot be taken as part of the con tract, which was in writing and must be considered as evidence of the intention of the parties. Supposing the agreement to pay and receive more than six per cent, the plaintiff could recover nothing but what is promised by the note ; the additional promise was therefore wholly nugatory and cannot affect the note. If it be said, that by this contrivance the statute may be avoided, the answer is, that if that verbal promise should be carried into effect by paying unlawful interest, the taking would be an offence and the party would become liable for the penalty. But by this contract now in suit, there is not reserved or secured more than six per cent, and therefore the contract is not void.[1]

Judgment for plaintiff.

 See Revised Stat. c. 35; Scott v. L'oyil, 9 Peters, 445; U. S. Bank Waggoner, 9 Peters, 400, 401; Train v. Collins, 2 Pick. (2d ed.) 152, note I